UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Case No: _____11.2494 ADM / JSM_____

**CUSH-N-GO, LLC**, a Minnesota Limited Liability Company,
**Michael Lattery**, individually and o/b/o CUSH-N-GO LLC,
**Brent Walton,** individually and o/b/o  CUSH-N-GO LLC,

     Plaintiffs,

-vs-

**Anthony Krampel, Jr.,** formerly holding the title of "Governor", "Chief
Manager", and "Putative Member" of CUSH-N-GO LLC,  a resident of  Aurora, Ohio

     Defendant.

SCANNED

AUG 3 1 2011

U.S. DISTRICT COURT MPLS

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, CUSH-N-GO LLC, Michael Lattery and Brent Walton, through their attorney

Marc G. Kurzman, Kurzman Grant Law Office(s), 219 Main Street, Ste. 403, Minneapolis,

Minnesota, 55414, bring this Complaint against Defendant, Anthony Krampel, Jr., and states, on

information and belief as follows:

### I.  INTRODUCTION

**1.01**    This case involves CUSH-N-GO, LLC (hereinafter "LLC") and the failure of

Defendant to assign intellectual property rights to the LLC, as required by Written Action Two in

Lieu of Organization meeting of Organizers effective July 29, 2010 and as subsequently

reaffirmed in the Member Control Agreement both in his individual capacity and o/b/o the LLC

as its "Chief Manager" on September 1, 2010, Schedule A  and Schedule D thereto.

**1.02**    Defendant signed, sent and/or authored emails in numerous documents affirming

his requirement to assign the intellectual property rights to the LLC.

**1.03**     Defendant, through his counsel, Vyto Matas, the original patent attorney working on the intellectual property rights which were to be assigned, agreed with the LLC's attorney, Kristi L. Tukua, to the assignment documents and the fact that the LLC would be substituted for Defendant in all Patent and Trademark filings.

**1.04**     Despite repeated demands for said assignment, Defendant did not assign the intellectual property rights to the LLC.

**1.05**     The refusal to assign the property rights to the LLC, together with refusal to re-pay draws and refusal to account for monies allegedly "expensed" by Defendant utilizing the LLC's funds, resulted in damages to the Plaintiffs in an amount in excess of One Hundred Thousand Dollars ($100,000.00).

**1.06**     This lawsuit assets claims against Defendant for Breach of Contract, Violation of his Fiduciary Duties, under Minnesota law to the LLC,  Promissory Estoppel , and Declaratory Judgment Relief.

## II. JURISDICTION and VENUE

**2.01**     This Court has jurisdiction over this action pursuant to 28 U.S.C. Sec. 1332, because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs, and because there is complete diversity of citizenship between the Plaintiffs.

**2.02**     Venue is proper in this judicial district, pursuant to 28 U.S.C. Sec. 1391, because the Defendant entered into business agreements, and was doing business  within this District, and because Defendant is subject to personal jurisdiction in the State of Minnesota.

### III. PARTIES

**3.01**    Plaintiff CUSH-N-GO, LLC is a Minnesota limited liability company having its principal place of business at 1578 Mike Ct., Shakopee, Minnesota, 55379 and at all times was registered to do business in Minnesota.

**3.02**    Plaintiff Michael Lattery, is a resident and citizen of the State of Minnesota.

**3.03**    Plaintiff Brent Walton is a resident and citizen of the State of Minnesota

**3.04**    Defendant Anthony Krampel, Jr is a resident and citizen of the State of Ohio.

### IV. FACTS

**4.01**    Plaintiffs re-assert all facts set forth in Paragraphs 1.01-1.06, 2.01-2.02, 3.01-3.04 as if fully set forth herein and state further:

**4.02**    The Articles of Organization of the LLC was filed July 29, 2010 with Michael Lattery acting as the "Organizer".

**4.03**    Thereafter two Written Actions of the Organizer were executed setting up the "details" of the LLC; such as appointment of Governors to the Board, appointment of officers and managers, including a recitation of the contributions/consideration required by each individual party in exchange for their Membership Units.

**4.04**    Bylaws were signed by Defendant.

**4.05**    A Membership Control Agreement, setting forth the individual parties consideration was prepared and signed by each individual party's, and by Defendant o/b/o the LLC.

**4.06**    Defendant also promised to cooperate in the assignment of intellectual property rights in "CUSH-N-GO" to the LLC.

**4.07**    The individual Plaintiffs, Mr. Lattery and Mr. Walton were to contribute money, which they did.

**4.08**   The money originally contributed by Mr. Lattery and Mr. Walton was to be used as "draws" for Defendant to receive, all said draws to be repaid to the LLC at the end of each calendar year.

**4.9**   Defendant had access to the LLC's checks and wrote many to himself, characterizing same as "draws".

**4.10**   Defendant did not repay the draws, demanded by the LLC, at the end of calendar year 2010, or at any time thereafter.

**4.11**   Defendant was provided with a corporate ATM card, and authorized to use said card for any legitimate business expenses incurred in the marketing of the intellectual property which he was required to assign to the LLC.

**4.12**   Defendant was required to provide expense reports and receipts itemizing his use of corporate funds, but to date, notwithstanding repeated demands, he has not provided same.

**4.13**   Defendant did acknowledge, verbally and in writing (email) that he misappropriated corporate funds for personal, non-business related expenditures.

**4.14**   Defendant was requested to re-pay the LLC for the misappropriated monies, yet despite repeated demands, he has not done so.

**4.15**   Mr. Lattery and Mr. Walton, made additional cash contributions to the LLC after that which was required in consideration of their Membership Units; as Defendant kept indicating that he needed more money, for "draws" and for "business expenses".

**4.16**   Defendant was, at one time, an officer and Governor of the LLC, however, due to his dishonest acts, his failure to repay draws, his failure to account for alleged business expenses and his failure to assign the intellectual property rights in "CUSH-N-GO" to the LLC, he was removed from his position as Governor, as an officer and as a Putative Member of the LLC.

4.17    Plaintiffs entered into agreements with Defendant which Defendant intended them to rely upon, which they reasonably relied upon to their detriment, and which failure to perform the agreements, both written and oral, caused Plaintiffs harm, in the nature of money lost (in excess of Seventy Five Thousand Dollars ($75,000.00)) time expended, lost business opportunities, and legal fees.

4.18    Plaintiffs were defrauded by Defendant's use of corporate funds for his own, non-business related funds.

4.19    Defendant's repeated promises to assign the property rights in "Cush-N-Go" to the LLC, were false when made, and when re-affirmed, as evidenced by his failure to sign assignments, drafted by his personal patent attorney.

## V.  FIRST CAUSE OF ACTION - BREACH OF CONTRACT

5.01    Plaintiffs re-assert all facts set forth in Paragraphs 1.01-1.06, 2.01-2.02, 3.01-3.04, 4.02-4.19 as if fully set forth herein and state further:

5.02    The Membership Control Agreement, together with other documents signed by Defendant and Plaintiffs' formed a contract.

5.03    All of the conditions precedent to that contract were performed by Plaintiffs'.

5.04    Subsequent contracts, both oral and written, were entered into by the parties.

5.05    Defendant did not perform the contract, either by satisfying the condition precedent (the assignment of the intellectual property rights in "CUSH-N-GO), or by satisfying the requirements that he repay his draws to the LLC at the end of each calendar year, that he provide receipts and expense reports to the LLC.

5.06    As a direct and proximate cause of Defendant's failure to perform his contractual obligations, the Plaintiffs' have suffered damages in excess of One Hundred Thousand Dollars ($100,000.00).

## VI.  SECOND CAUSE OF ACTION- VIOLATION OF FIDUCIARY DUTIES

**6.01**    Plaintiffs re-assert all facts set forth in Paragraphs 1.01-1.06, 2.01-2.02, 3.01-3.04, 4.02-4.19, 5.02-5.06 as if fully set forth herein and state further:

**6.02**    Defendant owed a fiduciary duty to the LLC, when serving as its "Chief Manager", to act for the benefit of the LLC.

**6.03**    Defendant owed a fiduciary duty to Mr. Lattery and Mr. Walton, knowing that they were the source of monies he took from the limited liability company and thus were required to loan and/or contribute more money to the LLC as the amount he took from the LLC exceeded their original funding responsibilities.

**6.04**    Defendant breached his fiduciary duty, both to the LLC and to Mr. Lattery and Mr. Walton, by failing to assign the intellectual property rights to the LLC, by failing to account for and/or repay "draws" and "expenses" and by converting LLC funds to his own use without authorization or justification.

**6.05**    As a direct and proximate cause of Defendant's breach of his fiduciary duties to the LLC and to Mr. Lattery and Mr. Walton, the Plaintiffs have suffered damages in excess of One Hundred Thousand Dollars ($100,000.00).

## VII.  THIRD  CAUSE OF ACTION-PROMISSORY ESTOPPEL

**7.01**    Plaintiffs re-assert all facts set forth in Paragraphs 1.01-1.06, 2.01-2.02, 3.01-3.04, 4.02-4.19, 5.02-5.06, 6.02-6.05, as if fully set forth herein and state further:

**7.02**    Defendant made a clear promise, to assign his interests in a device, "CUSH-N-GO" to the LLC.

**7.03**    Defendant made additional promises to the Plaintiffs', including his promise to repay monies he "drew" from the LLC, and to provide receipts and accountings for monies he claimed to have "expensed" to the LLC.

**7.04**    Defendant intended that Plaintiffs rely upon those promises.

**7.05**    Plaintiffs relied on the promise in 7.02 and 7.03, above, to their detriment.

**7.06**    The promises must be enforced to prevent injustice.

**7.07**    As a direct and proximate cause of Defendant's breach of his promises to the LLC and to Mr. Lattery and Mr. Walton, the Plaintiffs have suffered damages in excess of One Hundred Thousand Dollars ($100,000.00).

### VIII.  FOURTH CAUSE OF ACTION- DECLARATORY JUDGMENT

**8.01**    Plaintiffs re-assert all facts set forth in Paragraphs 1.01-1.06, 2.01-2.02, 3.01-3.04, 4.02-4.19, 5.02-5.06, 6.02-6.05, 7.02-7.07 as if fully set forth herein and state further:

**8.02**    Plaintiff LLC has the right to assignment of all intellectual property rights Defendant has in a device known as "CUSH-N-GO" including patent and trademark.

**8.03**    This Court has the power to declare that Plaintiff LLC is the owner of said intellectual properties, and/or to Order Defendant to sign whatever documents may be necessary with the U.S. Patent and Trademark Office to accomplish the assignment.

**8.04**    Depriving Plaintiff LLC of the intellectual property rights in "CUSH-N-GO" has caused them to suffer damages, and will suffer damages in the future.

**8.05**    As a direct and proximate cause of Defendant's failure to assign to the LLC the intellectual property rights in "CUSH-N-GO" Plaintiffs' have suffered damages in excess of One Hundred Thousand Dollars ($100,000.00).

**WHEREFORE**, Plaintiffs pray for relief against Defendant as follows:

1.    Compensatory damages according to proof, in excess of the amount required for federal diversity jurisdiction and in an amount to fully compensate Plaintiffs for all of their injuries and damages, comprising past, present, and future;

2.      Declaratory Judgment assigning all of Defendant's intellectual property rights in a device known as "CUSH-N-GO" to the LLC; and/or an Order requiring Defendant to assign any and all property rights he may have in said device to the LLC;

3.      Such other damages as may be allowed by law;

4.      Attorneys' fees, expenses and costs of this action;

5.      Such other relief as this Court deems necessary, just and proper.

**JURY DEMAND**

Plaintiff's demand trial by jury of all claims asserted in the Complaint.

Dated this 30th day of August, 2011

Marc G. Kurzman #59080
Kurzman Grant Law Office(s)
219 Main Street, S.E., Ste. 403
Minneapolis, MN  55414
(T) 612 617 9000
(F) 612 617 9009